⚶ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0758-A**

Judge Leslie Abernathy-Maddox
MAY 12, 2021 03:11 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY

### STATE OF GEORGIA

THERESA J. WILLIAMS

  **Plaintiff,**

**v.**

**WALMART INC.;**
**WAL-MART REAL ESTATE**
**BUSINESS TRUST;**
**WAL-MART STORES EAST, LP;**
**ABC CORPORATION;**
**XYZ CORPORATION;**
**JOHN DOE; and JANE DOE.**

  **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION**
**FILE NO.:** _____

**DEMAND FOR JURY TRIAL**
**FULL PANEL OF TWELVE**
**PURSUANT TO O.C.G.A §15-12-122**
**AND O.C.G.A. §15-12-123**

---

### COMPLAINT FOR DAMAGES

COMES NOW Theresa J. Williams (hereinafter "Plaintiff") by and through the undersigned counsel, and makes and files this her Complaint for Damages against Walmart Inc.; Wal-Mart Real Estate Business Trust; Wal-Mart Stores East, LP; ABC Corporation; XYZ Corporation; John Doe; and Jane Doe as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Walmart Inc. (hereinafter "Walmart, Inc.") is a Foreign Corporation authorized to do business in the State of Georgia. Walmart, Inc. is subject to the jurisdiction of this Court and may be served with process by delivering a Summons and copy of the Complaint upon its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040. Venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

2.

Wal-Mart Stores East, LP (hereinafter "Wal-Mart Stores East") is a Foreign Limited Partnership authorized to do business in the State of Georgia. Wal-Mart Stores East is subject to the jurisdiction of this Court and may be served with process by delivering a Summons and copy of the Complaint upon its registered agent, The Corporation Company, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040. Venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

3.

At all times mentioned herein, Walmart Inc. and/or Wal-Mart Stores East either independently or jointly operated, controlled, and managed the Wal-Mart store located at 1100 Thornton Road, Lithia Springs, Georgia, 30122 (hereinafter "Wal-Mart Store 3205" or "Premises").

4.

Wal-Mart Real Estate Business Trust (hereinafter "Wal-Mart Real Estate") is a Statutory Trust authorized to do business in the State of Delaware. Wal-Mart Real Estate is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 and may be served with process by delivering a Summons and copy of the Complaint upon its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. Venue is proper as to this Defendant pursuant to O.C.G.A. § 9-10-93.

5.

At all times mentioned herein, Wal-Mart Real Estate either independently or jointly owned the premises located at 1100 Thornton Road. Lithia Springs, Georgia, 30122.

6.

ABC Corporation is a corporation, partnership, or other entity whose correct identity is

unknown and that is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

7.

XYZ Corporation is a corporation, partnership, or other entity whose correct identity is unknown and that is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

8.

John Doe is an individual who acted as an agent or on behalf of one or more of the named Defendants herein whose correct identity is unknown and who is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

9.

Jane Doe is an individual who acted as an agent or on behalf of one or more of the named Defendants herein whose correct identity is unknown and who is subject to the jurisdiction and venue of this Court as a joint tortfeasor as provided by law.

10.

Walmart Inc.; Wal-Mart Real Estate; Wal-Mart Stores East; ABC Corporation; XYZ Corporation; John Doe; and Jane Doe (hereinafter collectively "Defendants") are joint tortfeasors, jointly and severally liable to Plaintiff for all injuries and damages herein described, which injuries and damages were proximately caused by Defendants' negligence.

## STATEMENT OF FACTS

11.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

12.

On or about June 26, 2019, Plaintiff was an invitee at Wal-Mart Store 3205.

13.

While on the Premises, Plaintiff shopped for grocery items.

14.

As Plaintiff walked through the grocery department of Wal-Mart Store 3205, Plaintiff was injured when she tripped and fell over an empty pallet.

15.

Defendants owed duties of due and reasonable care to Plaintiff.

16.

Defendants breached their duties of due and reasonable care to Plaintiff, said breach constituting a direct and proximate cause of Plaintiff's injuries.

17.

At all times material hereto, Plaintiff conducted herself in a safe and proper manner, and did not in any way cause or contribute to the circumstances which caused her to sustain serious bodily injury.

18.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to her head, ear, right shoulder, arm, wrist, buttock, and legs.

19.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred substantial medical expenses in excess of $30,511.85 and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer the following:

(a)     past, present, and future physical and mental pain and suffering; and

(b)     past, present, and future loss of enjoyment of life.

21.

At all times material hereto, Plaintiff was a woman, sixty-seven (67) years of age, with a normal life expectancy of 19.5 years according to the National Vital Statistics Reports.

## COUNT I

## ORDINARY NEGLIGENCE AGAINST ALL DEFENDANTS

22.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

23.

Defendants owed duties of due and reasonable care to Plaintiff.

24.

Defendants breached their duties of due and reasonable care to Plaintiff.

25.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries as stated herein.

26.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred substantial medical expenses as stated herein and will continue to require and incur reasonable and necessary

medical expenses due to her painful injuries.

### 27.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer physical and mental pain and suffering and loss of enjoyment of life as stated herein.

### 28.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to damages against the Defendants as prayed for herein.

## COUNT II

### NEGLIGENCE AGAINST ALL DEFENDANTS
### UNDER THE DOCTRINE OF PREMISES LIABILITY

### 29.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

### 30.

Plaintiff was an invitee at Wal-Mart Store 3205 at the time of the subject incident.

### 31.

Defendants owed a nondelegable duty of reasonable care in keeping Wal-Mart Store 3205 safe for invitees such as Plaintiff.

### 32.

Defendants breached their duty of nondelegable duty of reasonable care and were negligent by failing to properly train their employees, failing to take adequate measures to protect invitees such as Plaintiff from dangerous conditions. and failing to keep Wal-Mart Store 3205 safe.

33.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries as stated herein.

34.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred substantial medical expenses as stated herein and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

35.

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer physical and mental pain and suffering and loss of enjoyment of life as stated herein.

36.

As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to damages as prayed for herein.

## COUNT III

## NEGLIGENCE AGAINST ALL DEFENDANTS
## UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR

37.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

38.

At all times relevant hereto, the individuals responsible for taking adequate measures to protect Plaintiff from the hazardous condition were employees and/or agents of Defendants and were acting within the course and scope of their employment and/or agency at the time of the

subject incident.

### 39.

As a direct and proximate result of the employee's/agent's negligence, Plaintiff sustained injuries as stated herein.

### 40.

As a direct and proximate result of the employee's/agent's negligence, Plaintiff incurred substantial medical expenses as stated herein and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

### 41.

As a direct and proximate result of the employee's/agent's negligence, Plaintiff has suffered and will continue to suffer physical and mental pain and suffering and loss of enjoyment of life as stated herein.

### 42.

As a direct and proximate result of the employee's/agent's negligence, Plaintiff is entitled to damages against the Defendants under the doctrine of respondeat superior as prayed for herein.

## **COUNT IV**

## **NEGLIGENCE AGAINST ALL DEFENDANTS FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

### 43.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

### 44.

At all times relevant hereto, the individuals responsible for taking adequate measures to protect Plaintiff from the hazardous condition were employees and/or agents of Defendants and

were acting within the course and scope of their employment and/or agency at the time of the subject incident.

45.

Defendants owed duties of due and reasonable care to Plaintiff.

46.

Defendants breached their duties of due and reasonable care to Plaintiff by failing to properly hire, train, and supervise the employees and/or agents.

47.

As a direct and proximate result of Defendants' failure to properly hire, train, and supervise the employees and/or agents, Plaintiff incurred substantial medical expenses as stated herein and will continue to require and incur reasonable and necessary medical expenses due to her painful and permanent injuries.

48.

As a direct and proximate result of Defendants' failure to properly hire, train, and supervise the employees and/or agents, Plaintiff has suffered and will continue to suffer physical and mental pain and suffering and loss of enjoyment of life as stated herein.

49.

As a direct and proximate result of Defendants' failure to properly hire, train, and supervise the employees and/or agents, Plaintiff is entitled to damages against the Defendants as prayed for herein.

## COUNT V

## BAD FAITH AGAINST ALL DEFENDANTS

50.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

51.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubborn litigiousness and bad faith conduct.

## COUNT VI

## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

52.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

53.

The conduct of Defendants shows willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises the presumption of a consciousness indifference to the consequences thereof.

54.

Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to punitive damages in an amount to be determined by the enlightened conscious of an impartial jury to punish and deter Defendants

from repeating or continuing such unlawful conduct.

## COUNT VII

## JURY TRIAL DEMANDED

55.

Plaintiff incorporates by reference the preceding allegations of this Complaint as if fully restated herein.

56.

Plaintiff demands a trial by jury pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123.

WHEREFORE, Plaintiff pray as follows:

(a)     That Defendants be served with process;

(b)     That Plaintiff have a trial by jury pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123;

(c)     That Plaintiff recover damages for past, present, and future medical expenses as the Court deems just and proper, but not less than $30,511.85;

(d)     That Plaintiff recover damages for past, present, and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(e)     That Plaintiff recover damages for past, present, and future loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

(f)     That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

(g)     That Plaintiff recover attorneys' fees, expenses, and costs of litigation incurred as a result of the filing of this lawsuit pursuant to O.C.G.A. § 13-6-11; and

(h)     That Plaintiff recover such other and further relief as the Court deems just and

proper.

This 12 day of May, 2021.

Respectfully submitted,

SHERROD & BERNARD, P.C.

**JOHN W. SHERROD**
Georgia Bar No.: 642360
**STEPHANIE R. THOMPSON**
Georgia Bar No.: 819990
Attorneys for Plaintiff
8470 Price Avenue (30134)
P.O. Box 1154
Douglasville, GA  30133-1154
T:  (770) 920-8350
F:  (770) 920-8970
jsherrod@sherrodandbernard.com
sthompson@sherrodandbernard.com

DocuSign Envelope ID: 6F0F5D5F-9199-4A76-93A3-BAC920B4EA51

## VERIFICATION.

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, **THERESA J. WILLIAMS**, Plaintiff herein, who after being duly sworn, states and deposes that the facts contained in the within and foregoing _Complaint for Damages_ _____ , is/are true and correct to the best of the Plaintiff's knowledge, information and belief.

_Theresa Williams_
DocuSigned by:
DC4EBC700779929

**THERESA J. WILLIAMS**

Sworn to and Subscribed before me this

11 day of _May_ , 2021.

_Rebecca Keierleber_

**NOTARY PUBLIC**

REBECCA KEIERLEBER
NOTARY PUBLIC
CARROLL COUNTY, GEORGIA
My Commission Expires
November 16, 2023

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

THERESA J. WILLIAMS,

        Plaintiff,

v.

WALMART, INC.,
WAL-MART REAL ESTATE BUSINESS TRUST;
WAL-MART STORES EAST, LP;
ABC CORPORATION; XYZ CORPORATION;
JOHN DOE; AND JANE DOE,

        Defendants.

_____/

Civil Action File No.
21SC-0758-A

ANSWER OF DEFENDANTS WALMART, INC.,
WAL-MART REAL ESTATE BUSINESS TRUST,
<u>AND WAL-MART STORES EAST, LP</u>

COME NOW, Defendants WALMART, INC., WAL-MART REAL ESTATE

BUSINESS TRUST (erroneously named) and WAL-MART STORES EAST, LP and

make this Answer to Plaintiff's Complaint as follows:

<u>FIRST DEFENSE</u>

Wal-Mart Real Estate Business Trust is not a proper defendant.

<u>SECOND DEFENSE</u>

Jurisdiction is not proper as to Wal-Mart Real Estate Business Trust.

Page -1-

<u>THIRD DEFENSE</u>

Venue is not proper as to Wal-Mart Real Estate Business Trust.

<u>FOURTH DEFENSE</u>

Plaintiff's claims are barred by insufficiency of service and insufficiency of process as to Wal-Mart Real Estate Business Trust.

<u>FIFTH DEFENSE</u>

Plaintiff's  Complaint fails to state a claim against Defendants upon which relief can be granted.

<u>SIXTH DEFENSE</u>

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

<u>SEVENTH DEFENSE</u>

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

<u>EIGHTH DEFENSE</u>

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

Page -2-

<u>NINTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

<u>TENTH DEFENSE</u>

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

<u>ELEVENTH DEFENSE</u>

Plaintiff's claim for punitive damages is barred as a matter of law.

<u>TWELFTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to

impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>THIRTEENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes <u>inter alia</u>, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages

against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## FOURTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## FIFTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal

penalties that could be imposed for comparable alleged misconduct.  See <u>BMW of North America, Inc. v. Gore</u>, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996); and <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>SIXTEENTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of the Plaintiff's Complaint, as stated.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants incorporate by reference the preceding answers as if fully restated herein.

12.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint, including subparagraphs (a) and (b) thereof.

21.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 21 of the Plaintiff's Complaint, said allegations therefore stand denied.

22.

Defendants incorporate by reference the preceding answers as if fully restated herein.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants incorporate by reference the preceding answers as if fully restated herein.

30.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.  The applicable statute and case law speak for themselves.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendants deny the allegations contained in paragraph 35 of the Plaintiff's Complaint.

36.

Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37.

Defendants incorporate by reference the preceding answers as if fully restated herein.

38.

Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint, as stated.

39.

Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41.

Defendants deny the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42.

Defendants deny the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43.

Defendants incorporate by reference the preceding answers as if fully restated herein.

44.

Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint, as stated.

45.

Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

46.

Defendants deny the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47.

Defendants deny the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48.

Defendants deny the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49.

Defendants deny the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50.

Defendants incorporate by reference the preceding answers as if fully restated herein.

51.

Defendants deny the allegations contained in paragraph 51 of the Plaintiff's Complaint.

52.

Defendants incorporate by reference the preceding answers as if fully restated herein.

53.

Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.

Defendants incorporate by reference the preceding answers as if fully restated herein.

56.

Defendants demand trial by a jury as to all issues so triable only.

57.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

58.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (a), (b),

(c), (d), (e), (f), (g), and (h) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.


McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
 Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Mark L. Pickett
Mark L. Pickett
Georgia Bar No. 578190
Attorneys for Defendants
WALMART, INC.
WAL-MART REAL ESTATE BUSINESS TRUST
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS WALMART, INC., WAL-MART REAL ESTATE BUSINESS TRUST AND WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 29th day of May, 2021.

McLAIN & MERRITT, P.C.

<u>/s/ Howard M.  Lessinger</u>
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WALMART, INC.
WAL-MART REAL ESTATE BUSINESS TRUST
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com